NEAS ET AL V. NEAS ET AL.

61   641
100  129

1. **Evidence**: ACTION BETWEEN HEIRS: PERSONAL TRANSACTION WITH DECEDENT. In an action *between* the heirs of a deceased person, testimony of the defendants relating to personal transactions between them and the deceased is not admissible, under section 3639 of the Code, which excludes such testimony in all actions *against* the heirs of the deceased, no matter by whom brought.

*Appeal from Keokuk Circuit Court.*

TUESDAY, OCTOBER 16.

THE plaintiffs allege that Margaret L. Neas is the widow, and that Samuel M., Allen W., and the defendant, Levi M. Neas, are children and heirs at law of Samuel M. Neas, deceased; that Samuel M. Neas purchased the west one-third of a certain lot in the petition described, and that the conveyance therefor was executed to Levi M. Neas; that in consequence of the fact that Samuel M. Neas was the equitable owner of said property, Levi M. Neas and his wife, Maria S. Neas, on the twenty-fourth of February, 1873, executed and delivered to Samuel M. Neas a statement and contract that they had sold said property to him; that Samuel M. Neas proceeded to erect a valuable brick building on said lot, and, during the erection, Levi M. Neas acquired a one-third interest in said property; that Samuel M. Neas died intestate, the owner of said property. The plaintiffs ask that their interest in the property be ascertained and established.

Afterward, Hannah E. Bucey and Ida G. Presley intervened, alleging that they are heirs at law of Samuel M. Neas, deceased, and claiming an interest in the property. The defendants answered, denying the execution of the contract referred to, and denying that Samuel M. Neas had, at the time of his death, any interest in the property referred to. The court found that Samuel M. Neas, Allen W. Neas, Hannah E. Bucy and Ida G. Presley were each entitled to four forty-fifths of the property; that Margaret L. Neas, whose name was at the time of the decree Margaret L. Saunders, was entitled to ten forty-fifths, and decreed that Levi M. Neas account for the rents and profits since the death of Samuel M. Neas. The defendants appeal.

*Mackey & Mackey,* for appellants.

*Sampson & Brown,* for plaintiffs.

*G. D. Woodin,* for intervenors.

DAY, CH. J.—I.   The appellants complain of the striking out of a portion of their answer.   The part of the answer stricken out sets forth mere matters of evidence.   No prejudice resulted to the defendants from the action of the court.

II.   Certain of the testimony of the defendant, Levi M. Neas, and of his wife, Maria S. Neas, relating to personal transactions between Levi M. Neas and Samuel M. Neas, deceased, was objected to by the plaintiffs as incompetent and inadmissible, under the provisions of section 3639 of the Code. The defendants insist that this section is not applicable to the present case, which is a controversy between the heirs of Samuel M. Neas, deceased.   But the testimony in question was offered against the heirs at law of Samuel M. Neas, deceased, and thus is brought within the direct inhibition of the statute.   In our opinion, the testimony of Levi M. Neas and his wife as to personal transactions with the deceased is not admissible, and must be eliminated from the case.

III.   The evidence is very voluminous, and it is not practicable, within the appropriate limits of an opinion, to review it in a manner which would be satisfactory to the parties.   A careful reading of the entire evidence convinces us of the correctness of the court's decree.   A partial review of the evidence could serve no useful purpose.   The decree of the court is

AFFIRMED.